UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GURPREET SINGH, | No. 2:23-cv-0237 KJN P |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO COUNTY SHERIFF, et al., | |
| Defendants. | |

Plaintiff, a former county inmate now housed at the Napa State Hospital, proceeds pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. On July 26, 2023, the undersigned recommended that this action be dismissed based on plaintiff's failure to file an amended complaint. On August 4, 2023, plaintiff filed a request for extension of time to file objections, and a request to "hold" this action pending his treatment at Napa State Hospital.[1]

The court has broad discretion to stay proceedings as an incident to its power to control its own docket. Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)). The party requesting a stay has the burden of establishing its need, id. at 708, and must make out a clear case of hardship or inequity in being required to go forward. Lockyer v. Mirant Corp., 398 F.3d 1098, 1109 (9th Cir. 2005) (quoting Landis, 299 U.S. at 255). In

---

[1] Plaintiff also filed the Notice of Amendment form, but no amended complaint was provided. (ECF No. 17.) Another Notice of Amendment form is appended below.

determining whether to grant a motion to stay, the court must weigh the competing interests affected by the grant or refusal of a stay. Id. at 1110 (citing Landis, 299 U.S. at 268). These interests include: (1) the possible damage which may result from the granting of a stay, (2) the hardship of inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. Id. "Generally, stays should not be indefinite in nature." Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066-67 (9th Cir. 2007). If a stay is especially long or its term is indefinite, a greater showing is required to justify it. Yong v. I.N.S., 208 F.3d 1116, 1119 (9th Cir. 2000).

Plaintiff's request to "hold" or stay this action is unsupported. Plaintiff generally claims he is "under treatment," but fails to show an inability to prosecute this action while he is housed at the Napa State Hospital. Moreover, plaintiff provides no facts as to how long he is projected to be housed at the hospital. Because plaintiff has not shown that the imposition of an indefinite stay is warranted at this time, the court denies his request without prejudice. Plaintiff may renew his request upon a proper showing.

In the meantime, plaintiff is granted sixty days in which to file objections and his proposed amended complaint. If plaintiff fails to comply with this order, the July 26, 2023 findings and recommendations will be routed to the district court for review and adoption.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for stay (ECF No. 16) is denied without prejudice;

2. Plaintiff's motion for extension of time (ECF No. 16) is granted; and

3. Within sixty days from the date of this order, plaintiff shall file objections and his amended complaint that complies with the May 18, 2023 order (ECF No. 13).

Dated: August 11, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/sing0237.styd

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| GURPREET SINGH, | No. 2:23-cv-0237 KJN P |
|---|---|
| Plaintiff, | |
| v. | NOTICE OF AMENDMENT |
| SACRAMENTO COUNTY SHERIFF, et al., | |
| Defendants. | |

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

DATED: _____       Amended Complaint

_____
Plaintiff

1