UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GURPREET SINGH, | No. 2:23-cv-0237 KJN P |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO COUNTY SHERIFF, et al., | |
| Defendants. | |

Plaintiff is a county jail inmate, proceeding pro se. On December 12, 2023, plaintiff filed a document concerning his treatment at Rio Cosumnes Correctional Center following his transfer back from the Napa State Hospital. Plaintiff is advised that the instant action was terminated on November 15, 2023.

The Civil Rights Act

To state a claim under § 1983, a plaintiff must demonstrate: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44

1

(9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury. Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

Here, plaintiff's filing is insufficient to constitute a complaint or a motion. Plaintiff does not identify who is allegedly retaliating against him and does not address each element required to state a retaliation claim.[1]

Moreover, plaintiff's use of force claims in this action arose from an incident on July 7, 2022, during an escort to an outside hospital. Thus, the alleged incidents of retaliation that are taking place now are not related to the allegations raised herein and must be raised in a new action.[2]

In addition, it is unclear whether plaintiff pursued his administrative remedies in connection with his new claims. A prisoner may not bring a § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is

---

[1] "Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). A viable retaliation claim in the prison context has five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

[2] A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George, 507 F.3d at 607.

mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). Thus, plaintiff is required to exhaust his new claims through the final level of review before he may file them in federal court.

Also, plaintiff claims he is being harassed. Allegations of harassment, embarrassment, and defamation are not cognizable under section 1983. Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir. 1981), aff'd sub nom. Kush v. Rutledge, 460 U.S. 719 (1983); see also Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir.1982) (allegations of harassment with regards to medical problems not cognizable); Ellingburg v. Lucas, 518 F.2d 1196, 1197 (8th Cir. 1975) (Arkansas state prisoner does not have cause of action under § 1983 for being called obscene name by prison employee); Batton v. North Carolina, 501 F.Supp. 1173, 1180 (E.D. N.C. 1980) (mere verbal abuse by prison officials does not state claim under § 1983). Nor are allegations of mere threats cognizable. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong, nor do allegations that naked threat was for purpose of denying access to courts compel contrary result).

Finally, plaintiff writes "No health care." Such allegation, standing alone, is too vague and conclusory for the court to specifically address. However, if plaintiff is a pretrial detainee, the undersigned provides plaintiff with the following standards governing medical claims.

To state a Fourteenth Amendment inadequate medical care claim against an individual defendant, a pretrial detainee must establish: "(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved -- making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries." Gordon v. County of Orange, 888 F.3d 1118, 1124-25 (9th Cir. 2018). The third element requires the plaintiff to show "the defendant's conduct" was "objectively unreasonable, a test that will necessarily 'turn[ ] on the facts and circumstances of each particular case.'" Id. (quoting Castro v. Cnty. of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc). Under this standard, plaintiff must "prove more than negligence but less than subjective

intent - something akin to reckless disregard." Gordon, 888 F.3d at 1125.  "[T]he Supreme Court has instructed that mere lack of due care by a state official does not" violate the Fourteenth Amendment.  Castro, 833 F.3d at 1071 (internal quote marks omitted).  A pretrial detainee must allege "more than negligence but less than subjective intent - something akin to reckless disregard."  Id.

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's post-judgment filing (ECF No. 21) is disregarded without prejudice to plaintiff bringing his new unrelated claims in a new civil rights action.

Dated:  December 19, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/sing0237.58